Dear Mr. Perry:
This office is in receipt of your request for an opinion of the Attorney General in regard to the status of administrative department employees. You ask whether these employees may be placed under contract instead of civil service.
We note in Atty. Gen. Op. 82-1157 that this office was asked with regard to Art. X, Sec. 2 of the Louisiana Constitution whether local parish police jury employees may be included in the classified service. It was related that two prior opinions had been rendered on the question, and this office then stated, "Both interpreted Art. X, Sec. 2, to prohibit a parish from including police jury employees within the parish civil service."
In Atty. Gen. Op. 75-918, one of the opinions attached to the above cited opinion, it was stated as follows:
 The scope of the civil service system is defined in the Constitution by means of exclusions. All officers listed in Article X, Section 2(B) are placed in unclassified service: for example, an employee or officer is in unclassified service if he holds a professional or administrative position in the school system; or if he holds a position on the staff of one of the parish or judicial offices (as enumerated in Section 2(B) (10) and Article V); or if he is a paid fireman. Parish employees who are not listed in the unclassified service may be placed in the classified civil service system when it is adopted.
In the other referenced opinion, Atty. Gen. Op. 75-245, this office was asked whether the police jury could include employees of the various parish boards into a civil service system. It was observed that R.S.33:1236 gave police juries power to adopt a civil service system covering any or all of its employees, but it was found that Article X, Section 15
of the Louisiana Constitution prohibited inclusion in the local civil service of officials and employees listed in Section 2 of the Article. It was found by a reading of Section 2 of Article X that employees working directly for the offices of police juries must be excluded from parish civil service but employees working for departments of the police jury may be included. It was noted while employees of the various parish boards could be included in a parish civil service system, employees of a Waterworks district, not being parish employees but employees of a corporate body, could not be included in a parish civil service system.
Therefore, pertinent is Article 10. Section 2 providing as follows:
 (A) classified Service. The state and city civil service is divided into the unclassified and classified service. Persons not included in the unclassified service are in the classified service.
 (B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service:
 (1) elected officials and persons appointed to fill vacancies in elective offices;
 (2) the heads of each principal executive department appointed by the governor, the mayor, or the governing authority of a city;
 (3) city attorneys;
 (4) registrars of voters;
 (5) members of state and city boards, authorities, and commissions;
 (6) one private secretary to the president of each college or university;
 (7) one person holding a confidential position and one principal assistant or deputy to any officer, board, commission, or authority mentioned in(1), (2), (4) or (5) above, except civil service department;
 (8) members of the military or naval forces;
 (9) teaching and professional staffs, and administrative officers of schools, colleges, and universities of the state, parochial, or municipal agency;
 (10) employees, deputies, and officers of the legislature and of the offices of the governor, lieutenant governor, attorney general, each mayor and city attorney, of police juries, school boards, assessors, and of all offices provided for in Article V of this constitution except the offices of clerk of the municipal and traffic courts in New Orleans;
 (11) commissioners of elections, watchers, and custodians and deputy custodians of voting machines; and
 (12) railroad employees whose working conditions and retirement benefits are regulated by federal agencies in accordance with federal law.
 Additional positions may be added to the unclassified service and those positions may be revoked by rules by a commission.
R.S. 33:2451, et seq., pertains to the Civil Service System in Rapides Parish, and provides all appointments and promotions in the service of the parish and each of its departments, offices and agencies shall be made on the basis of merit and fitness to be determined insofar as practicable by competitive testing, excepting those listed. That list of the categories excepted from the civil service includes all elected officials, the parish treasurer, the parish administrator, members of advisory board and political subdivisions created by the police jury, the parish attorney and legal assistants, public works directors, federal program directors, sale tax directors, the parish secretary, parish firefighters, any employees forbidden from participation by the constitution or statutes and "organizations and their employees and other persons who are employed by the parish on a contractual or part-time basis". Accordingly, it appears while the statute provides all appointments in the service of the parish and its departments shall be civil service, the statutes except persons employed on a contractual basis.
In this regard we note in Atty. Gen. Op. 78-1502 that this office was asked whether the South Louisiana Port Commission could contract for specific services from a non-professional. In response It was observed that R.S. 34:2473 was silent as to the ability of the Commission to contract work out to non-professional, but found the statute establishing the Commission did not prohibit or specify that the Commission could not employ on a contract basis non-professionals. It was concluded the statute's silence on this point seems to indicate that the Port Commission has the authority to contract for services for non-professionals.
We do not disagree with the conclusion that non-professionals could be hired on a contract basis, but find it is essential that this be limited to positions not otherwise regularly performed by civil service employees. The question presented in the cited opinion was whether the Commission could contract for "specific" services from a non-professional in lieu of hiring a part time employee. This indicates to us that this is not services usually performed by full-time employees of the department, and do not believe the exception from Parish Civil Service for "organizations and their employees and other persons who are employed by the parish on a contractual or part-time basis" was intended as a means to remove regular employees of the Parish administrative department from civil service by placing them under a contract.
Therefore, we would conclude administrative department employees may be placed under contract for specific services not regularly performed by department personnel so as to be excluded from being included in civil service. Whether the employees in question perform such services is a question of fact that we do not evaluate, but must be judged by you in light of the services they are to perform.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr